IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MOHAMMAD YOUNESI,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, IAH Polk Adult Detention Center; GABRIEL MARTINEZ, Field Office Director of Enforcement and Removal Operations, Dallas Office, Immigration and Customs Enforcement; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *in their official capacities*,<br><br>*Respondents*. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:26-CV-00216<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER GRANTING IN PART EMERGENCY AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Mohammad Younesi's ("Petitioner" or "Younesi") Emergency Amended Petition for Writ of Habeas Corpus (the "Amended Petition"). [Dkt. 12]. For the following reasons, the Amended Petition is **GRANTED IN PART**.

## I. BACKGROUND

Petitioner Mohammad Younesi ("Younesi") is an Afghan national. [Dkt. 12 at ¶ 24]; [Dkt. 14-1 at ¶ 7]. In September 2024, United States Immigration and Customs Enforcement ("ICE") detained Younesi. [Dkt. 12 at ¶ 25]; [Dkt. 14-1 at ¶¶ 8–9]. On April 18, 2025, an Immigration Judge granted Younesi voluntary departure. [Dkt. 12 at ¶ 26]; [Dkt. 14-2 at 1]. Younesi filed a

motion to reopen on June 2, 2025, automatically terminating the grant of voluntary departure and triggering a removal order. [Dkt. 14-2 at 1]; 8 C.F.R. § 1240.26(b)(3)(iii). The motion was denied on June 3, 2025. *Id.* Petitioner also filed a request for stay of removal on June 3, 2025; it was denied on June 5, 2025. *Id.* Nine months later, on March 18, 2026, Younesi filed a Petition for Writ of Habeas Corpus ("Original Petition"). [Dkt. 1].

In this Original Petition, Younesi asserted that "ICE officers . . . told him multiple times that they cannot obtain his Afghan travel document so cannot deport him to any country." *Id.* at ¶ 22. And because the Government's "efforts to remove him to countries that would not accept him or issue him citizenship or travel documents failed" during Younesi's nine-month post-order detention, Petitioner argued that he was unlikely to be removed in the reasonably foreseeable future. *Id.* at ¶ 53.

This Court issued an Order to Show Cause on August 4, 2026, directing the Government to respond to Younesi's Original Petition. [Dkt. 3]. On August 10, 2026, the Government filed its Response in Opposition to Petition for Writ of Habeas Corpus. [Dkt. 5]. The Government argued (1) that Younesi "tacitly concede[d]" the Government's ongoing—though unsuccessful—steps to effectuate removal by stating in his petition that "efforts to remove him . . . failed," and (2) that these efforts alone gut Younesi's petition. *Id.* at 3–4. The Government provided no specifics regarding its efforts, nor did it submit an affidavit or any other evidence substantiating its position.

On August 14, 2026—a year and two months after Younesi's removal order took effect—Younesi filed a Reply to Respondents' Opposition to Petition for Writ of Habeas Corpus, noting the Government's failure to provide evidence. [Dkt. 8 at 3–4]. One week later, the Government filed a Sur-Reply, attaching the affidavit of Mylan Hill, a Deportation Officer assigned to the Houston Field Office of Enforcement and Removal Operations ("ERO"). [Dkt. 9]; [Dkt. 9-1].

Petitioner filed a Reply to Respondents' Sur-Reply on August 27, 2026. [Dkt. 10].

On September 22, 2026, Younesi filed the Amended Petition now before the Court. [Dkt. 12]. Respondents filed their Response in Opposition to Amended Petition for Writ of Habeas Corpus on October 6, 2026, attaching an updated affidavit from Mylan Hill as well as ICE's August 17th Decision to Continue Detention. [Dkt. 14]; [Dkt. 14-1]; [Dkt. 14-2]. Petitioner filed a Reply on October 21, 2026. [Dkt. 17]. Younesi's Amended Petition is now ripe for review.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). A petitioner is entitled to relief under § 2241 if he is held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025).

Foreigners subject to a removal under 8 U.S.C. § 1231 cannot be detained indefinitely—"once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). In *Zadvydas v. Davis*, the Supreme Court recognized six months as a "presumptively reasonable period of detention." *Id.* at 700–01. "After this [six]–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Otherwise, the petitioner must be released.

## III. DISCUSSION

Petitioner's final order of removal took effect on June 2, 2025—sixteen months ago. He has been detained well beyond a presumptively reasonable six-month period. *See Zadvydas*, 533

U.S. at 701 ("[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' . . . shrink[s]."). Additionally, Younesi attests that "ICE officers have told him multiple times that they cannot obtain his Afghan travel document so cannot deport him to any country." [Dkt. 12 at ¶ 27]. The Government argues that Petitioner fails to meet his burden because he "twice tacitly conceded that ICE has taken ongoing steps to effectuate removal." [Dkt. 14 at 5]. But Petitioner does not have to prove that no steps have been taken to remove him—he need only show good reason to believe that the steps that have or will be taken are unlikely to succeed. *Zadvydas*, 533 U.S. at 702 (rejecting the Fifth Circuit's position that continued detention is lawful as long as "good faith efforts to effectuate . . . deportation continue"). Given the Government's failure to effectuate removal or secure a travel document for Younesi despite holding him for over a year, Petitioner has shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

To rebut Petitioner's showing, the Government submits the Affidavit of Mylan Hill [Dkt. 14-1] as well as ICE's Decision to Continue Detention [Dkt. 14-2]. In his affidavit, Hill states that "ERO continues to work to facilitate Mr. Younesi for removal from the United States." [Dkt. 14-1 at ¶ 13]. And ICE's Decision to Continue Detention—executed August 17, 2026—states that "ICE is currently working with the [G]overnment of Afghanistan to secure a travel document for [Younesi's] removal from the United States," that "[a] travel document from the Government of Afghanistan is expected," and that "ICE has reason to believe there's a significant likelihood that [Younesi's] removal will occur in the reasonably foreseeable future." [Dkt. 14-2 at 1].

But the Government is "still waiting on a Travel Document issuance for a National Third Country Removal for Mr. Younesi." [Dkt. 14-1 at ¶ 15]. And the Government has provided no specifics regarding its efforts to secure a travel document. The Court does not know when the

Government made its most recent request for a travel document, whether previous requests have failed, and if any pending request has been acknowledged by the "Government of Afghanistan." In fact, the Court does not know to whom a request was made since no entity is currently recognized as the Government of Afghanistan. CLAYTON THOMAS, CONG. RSCH. SERV., R45122, AFGHANISTAN: BACKGROUND AND U.S. POLICY IN BRIEF (2026) ("The United States does not recognize the Taliban or any other entity as the government of Afghanistan and reports there are no U.S. diplomatic or military personnel in the country.").

The Government also relies on its general success removing Afghan nationals to argue that it will have similar success in Younesi's case. *See* [Dkt. 14 at 6]; [Dkt. 14-1 at ¶ 14 ("[T]he Head Quarter Deportation Detention Officer (HQ DDO) continues to work to facilitate Third Country removal of citizens of Afghanistan and other countries."), ¶ 17 ("ICE ERO assesses that there is a significant likelihood of removal in the reasonably foreseeable future in this case because ICE has successfully accomplished numerous removals to Afghanistan."), ¶¶ 18–19 ("Given the record of successful ICE removals [of Afghan citizens to Third Countries] in FY 2025 and [FY 2026], I believe removal of Mr. Younesi is significantly likely in the reasonably foreseeable future.")]. However, the Government fails to show that Younesi is similarly situated to those that have been removed. *See Ortega-Pena v. Blanche*, No. SA-26-CV-02760-FB-KGS, 2026 WL 2016267, at *4 (W.D. Tex. June 26, 2026), *R. & R. adopted sub nom. Pena v. Blanche*, No. SA-26-CV-2760-FB, 2026 WL 2012908 (W.D. Tex. July 10, 2026) (finding general allegation that "third-country removals have become more common in recent months" insufficient to show likelihood of removal for Ortega-Pena where respondents "could not say what percentage of petitioners who are *similarly situated* to Ortega-Pena…have been successfully removed to third countries") (emphasis added). Here, the Government would need to show that Afghan nationals without any previously issued

travel document are regularly removed within a reasonable period.[1] Reporting the raw number of deportees of the same national origin as Petitioner is insufficient. Moreover, the Government has yet to identify a third country to which it intends to remove Younesi; and once it does, removal may be delayed by proceedings contesting deportation to the identified country based on fear of torture or persecution. *See Villanueva*, 801 F. Supp. 3d at 703 ("[A]ny efforts to remove [petitioner] to a third country would likely be delayed by proceedings contesting his removal to the third country finally identified."); *see also Ortega-Pena*, 2026 WL 2016267, at *3 (noting that removal to a third country is not significantly likely in the reasonably foreseeable future where no country has accepted or issued travel documents) (citing *Vazquez v. Bondi*, No. EP-26-CV-00577-DB, 2026 WL 752455, at *2 (W.D. Tex. Mar. 11, 2026)); *Kurdobadze v. Venegas*, No. 1:25-CV-00157, 2026 WL 1622834, at *6 (S.D. Tex. Apr. 24, 2026), *R. & R. adopted*, No. 1:25-CV-157, 2026 WL 1641523 (S.D. Tex. June 5, 2026) ("Removal is not reasonably foreseeable where the Government has attempted and failed to find a third country for removal.").

On similar facts, courts in the Fifth Circuit have uniformly granted habeas petitions, finding that the Government failed to rebut the petitioner's showing. *See, e.g.*, *Ibrahimi v. Bondi*, No. SA-25-CA-00768-XR, 2026 WL 915703, at *3 (W.D. Tex. Mar. 27, 2026) (granting Afghan national's habeas petition where petitioner had been detained for 22 months and respondents' rebuttal evidence comprised a single affidavit from an ICE officer stating that "60 Afghans were removed in the first quarter of 2025," that "ICE submitted a travel document request to the [G]overnment

[1] The Government cites this Court's decision in *Noorullah v. Noem*, No. 9:26-cv-00068-MJT (E.D. Tex. April 2, 2026) to support its position that Younesi is likely to be removed in the foreseeable future. But that case is distinguishable. In *Noorullah*, the Government was in possession of the petitioner's expired passport. *Id.* The previously issued document provided the Court some evidence substantiating the Government's testimony that a new travel document was likely to be issued. Here, the Government's belief that Afghanistan will issue a travel document for Younesi is entirely speculative.

of Afghanistan," that "ICE submitted a Form I-269 . . . to assist in obtaining the Afghanistan travel document," and that ICE "has taken affirmative steps to secure acceptance from third countries."); *Sharify v. Garcia*, No. 1:25-CV-01867, 2026 WL 2066406, at *2 (W.D. La. July 1, 2026), *R. & R. adopted*, No. 1:25-CV-01867, 2026 WL 2065458 (W.D. La. July 16, 2026) (granting Afghan national's habeas petition where rebuttal "evidence . . . merely document[ed] that ERO ha[d] requested a transport letter from Afghanistan, ha[d] received no response, and that [h]eadquarters [wa]s actively working on [p]etitioner's removal to Afghanistan.") (internal quotations omitted). Here too, in light of the Government's failure to effectuate removal despite a sixteen-month runway, the Court finds that removal is not reasonably foreseeable.

Accordingly, ICE shall promptly make arrangements for the release of Younesi. Petitioner is to bear all attorneys' costs and fees he has incurred, as required under Fifth Circuit precedent. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2003).

## IV. CONCLUSION

Because Mohammad Younesi has demonstrated by a preponderance of the evidence that his detention violates federal law, he obtains habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Younesi's Emergency Amended Petition for Writ of Habeas Corpus [Dkt. 12] is hereby **GRANTED IN PART**. The Court **ORDERS** that Mohammad Younesi be released by October 30, 2026, at 5:00 P.M. Respondents must notify his counsel of the exact time and location of his release no less than 5 hours before his release.

It is further **ORDERED** that the parties provide the Court with a status update concerning Younesi's release and the conditions, if any, of that release by November 2, 2026.

Any requested relief not granted herein is **DENIED**.

All pending motions are hereby **DENIED AS MOOT**. Younesi is to bear all attorneys'

costs and fees he has incurred. This constitutes a **FINAL JUDGMENT**, and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 27th day of October, 2026.**

Michael J. Truncale
United States District Judge